**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:25-CR-34-RWS-JBB-1** |
| | § | |
| **BRANDON SMITH** | § | |

# REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On September 9, 2026, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 17. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Ken Hawk.

## BACKGROUND

Brandon Smith ("Defendant") was sentenced on January 5, 2012, before The Honorable Reed O'Connor of the Northern District of Texas after pleading guilty to the offenses of Possession of a Controlled Substance with Intent to Distribute-Count 1, and Possession of a Firearm During and in Relation to a Drug Trafficking Crime-Count 2, Class D and A felonies, respectively. These offenses carried a statutory maximum imprisonment term of 5 years on Count 1 and a term of life on Count 2. The guideline imprisonment range for Count 1, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. The guideline imprisonment range for Count 2, based on a total offense level of 10 and a criminal history category of III, was 120 months consecutive to Count 1. Pursuant to a 5K2.3 motion by the Government, Defendant was subsequently sentenced to 60 months imprisonment as to Count 1 and 120 months imprisonment as to Count 2, to run consecutively for a total imprisonment term of 180 months. This term of imprisonment is followed by a 2-year term of supervised release as to Count 1 and a 5-year term of supervised release as to Count 2, to run concurrently. These terms of supervised release are

subject to the standard conditions of release, plus special conditions to include substance abuse aftercare; requested financial information; not obtain new lines of credit; and a $200 special assessment.

On October 16, 2024, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas. On March 20, 2025, Defendant's conditions of supervision were modified to include mental health treatment.

On November 13, 2025, this case was reassigned to The Honorable Robert W. Schroeder III. On December 18, 2025, Defendant's supervised release was revoked, and he was sentenced to 6 months imprisonment followed by a 2-year term of supervised release. On June 12, 2026, Defendant completed his period of imprisonment and began service of his second term of supervised release.

## PETITION TO REVOKE

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 17), the Government alleges Defendant violated the following conditions:

**1) Defendant must not commit another federal, state, or local crime.** Specifically, the Government alleges that on July 28, 2026, Defendant reported to the Texarkana Supervision Office for random drug testing. Defendant possessed a condom containing another person's urine for the purpose of adulterating and/or to falsifying his drug test, in violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor.

**2) Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** Specifically, the Government alleges that on July 28, 2026, Defendant reported to the Texarkana Supervision Office and

submitted a urine specimen which was positive for methamphetamine and marijuana. Defendant verbally admitted to using methamphetamine multiple times since his release from imprisonment on June 12, 2026.

The Government further alleges that on August 4, 2026, Abbott Labs reported the specimen was negative for methamphetamine and marijuana.

## RECOMMENDATION

The Court conducted a revocation hearing September 9, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the first paragraph of the second allegation contained in the petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eleven (11) months, with no term of supervised release to follow.

## CONCLUSION

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first paragraph of the second allegation in the petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eleven (11) months, with no term of supervised release to follow.

Finally, the undersigned recommends the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 9th day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE